UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| RANDY WILLIAMS,                                )<br>                                                          )<br>                    Plaintiff,           )<br>                                                          )<br>-vs-                                                   )<br>                                                          )<br>                                                          )<br>                                                          )<br>BRYANT WELLS, ANDY SEVERIN,     )<br>BOB SHOLLY, STEVEN GREULICH, and )<br>PROFESSIONAL TRANSPORTATION   )<br>                                                          )<br>                    Defendants.      )<br>_____ ) | Civil Action No.: 4:12-cv-2434-RBH-TER<br><br><br><br><br>**REPORT AND RECOMMENDATION** |

**I.     INTRODUCTION**

This action arises out of Plaintiff's employment with Defendant Professional Transportation. Plaintiff, who is proceeding pro se, asserts claims of race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq., age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., disability discrimination in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq., as well as violations of the Equal Pay Act of 1963 (EPA), 29 U.S.C. § 206(d)(1) and the Genetic Information Nondiscrimination Act (GINA), 42 U.S.C. § 2000ff–1(a) et seq. Presently before the Court is Defendants' Motion to Dismiss (Document # 29). Because Plaintiff is proceeding pro se, he was advised pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to Defendants' Motion could result in a recommendation that the Motion be granted. Plaintiff timely filed a Response (Document # 32). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e) and (g), DSC. Because the present Motion is dispositive of certain claims, this Report and Recommendation is entered for review by the district judge.

## II.     FACTUAL ALLEGATIONS

Plaintiff makes the following allegations in his Complaint:

During Plaintiff's employment with Defendant Professional Transportation ("the company"), his branch manager, Defendant Bryant Wells[1] subjected him to racially derogatory language, including use of the word "nigger." Wells also made comments about his hearing disability and speech difficulties even though Plaintiff passed every test with the company. On June 21, 2011, Plaintiff and three white individuals took a road test to drive for the company and the three white individuals were immediately assigned routes while Plaintiff was not. On June 29, 2011, Plaintiff informed Wells about problems he had with a fuel card and Wells made racially derogatory comments towards him, including calling him an "asshole nigger." Plaintiff asked Wells to stop calling him the "n" word and Wells told him he would call him anything he wanted to call him. Plaintiff informed someone with human resources about Wells' use of racially derogatory language but was told that nothing could be done since he had already been fired.[2]

Although Defendant Andy Severin had stated in the past that he had an open-door policy regarding complaints, Severin never returned any of Plaintiff's phone calls to him.

Defendants Steven Greulich and Bob Sholly falsely accused Plaintiff of abandoning one of the company's vehicles on July 30, 2011, when he handed over the keys to the vehicle and a fuel card to an employee at a gas station and called Wells to pick them up. Plaintiff asserts that he did not want to hand the keys or fuel card to Wells himself because of Wells' violent actions. Plaintiff was 150 feet away from the vehicle and waited there until Wells came to retrieve the vehicle and the

---

[1] Plaintiff names this Defendant as "Bryant Wells" in his Complaint. However, Defendants note in their Motion to Dismiss that the proper party is Bryan Powell and Plaintiff refers to him in subsequent filings as "Bryant Powell." Nevertheless, for ease of reference the undersigned will refer to this Defendant as he is named in the Complaint, Bryant Wells.

[2] It is not clear from the Complaint when this conversation took place.

fuel card. It appears that Plaintiff was fired as a result of this incident. See Complaint (Document # 1).

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and received a Right to Sue Letter.

### III.     STANDARD OF REVIEW

Defendants seek dismissal pursuant to Rule 12(b)(6), Fed.R.Civ.P. A Rule 12(b)(6) motion examines whether Plaintiff has stated a claim upon which relief can be granted. The United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see

also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. Fine v. City of N. Y., 529 F.2d 70, 74 (2d Cir.1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir.1990).

**IV.     DISCUSSION**

Defendants move for dismissal of Plaintiff's causes of action under the ADA, the ADEA, the GINA and the EPA. Defendants also move for dismissal of the Title VII claims against Defendants Wells, Severin, Sholly, and Greulich because Title VII does not provide for individual liability. Defendant Professional Transportation does not seek dismissal of Plaintiff's Title VII claim.

**A.     ADA**

Plaintiff states in his Complaint that Defendants violated his rights under the ADA. The ADA provides:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a). To plead a claim for discriminatory discharge under the ADA, a plaintiff must

allege that (1) he was a "qualified individual with a disability"; (2) he was discharged; (3) he was fulfilling his employer's legitimate expectations at the time of discharge; and (4) the circumstances of his discharge raise a reasonable inference of unlawful discrimination. Haulbrook v. Michelin N. Am., Inc., 252 F.3d 696, 702 (4th Cir.2001). The ADA defines a "disability" as: (1) "a physical or mental impairment that substantially limits one or more of the major life activities of such individual;" (2) "a record of such an impairment;" or (3) "being regarded as having such an impairment." 42 U.S.C. § 12102(2).

Here, Plaintiff alleges that he had a hearing disability and that his manager made derogatory comments to him about his hearing problems, that he passed all of his employer's tests, and that he was not assigned driving routes and was ultimately discharged. In light of the liberal construction afforded Plaintiff's pleadings as a result of his status as a pro se litigant, these allegations are sufficient to state a claim under the ADA. Thus, Defendants' Motion to Dismiss should be denied as to Plaintiff's ADA claim.

### B.     ADEA

Plaintiff also alleges generally that Defendants violated his rights under the ADEA. The ADEA makes it unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age. 29 U.S.C. § 623(a)(1). To sufficiently allege a prima facie case of discrimination under the ADEA, a plaintiff must allege (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) that similarly-situated employees outside the protected class received more favorable treatment. Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 285 (4th Cir.2004) (ADEA).

Other than his bare statement that Defendants "retaliated against [him] in violation of . . . the age discrimination in employment act," Plaintiff does not mention his age or that any of the employees

he alleges were treated differently than him were younger than him. As stated above, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 556, 557, 570). Because Plaintiff has failed to allege sufficient factual matter regarding Defendants' violation of the ADEA, this cause of action fails and dismissal is appropriate.[3]

### C.     GINA

Plaintiff alleges that Defendants discriminated against him in violation of the Genetic Information Nondiscrimination Act (GINA), which provides that an employer may not "discriminate against any employee with respect to the compensation, terms, conditions, or privileges of employment of the employee, because of genetic information with respect to the employee." 42 U.S.C. § 2000ff–1(a)(1). The Act defines "genetic information" as (1) an individual's genetic tests; (2) the genetic tests of the individual's family members; (3) the manifestation of a disease or disorder of the individual's family members; (4) an individual's request for, or receipt of, genetic services, or the participation in clinical research that includes genetic services by the individual or the individual's family member; and (5) the genetic information of a fetus. See 42 U.S.C. § 2000ff(4)(A); see also 29 C.F.R § 1635.3(c). Here, Plaintiff has failed to plead any facts indicating that any of the Defendants requested or obtained Plaintiff's genetic information or discriminated against him on the basis of such genetic information. Accordingly, Plaintiff has failed to state a claim under GINA and dismissal is appropriate.

---

[3] In his Response (Document # 36) to the Motion to Dismiss, Plaintiff asserts that Defendants hired young drivers with less driving experience than him. However, Plaintiff cannot add factual allegations to his complaint simply by asserting them in response to a motion. See, e.g., White v. Roche Biomedical Labs., Inc., 807 F.Supp. 1212, 1216 (D.S.C.1992).

### D. EPA

Finally, Plaintiff asserts that Defendants violated the Equal Pay Act (EPA), which prohibits wage discrimination between employees "on the basis of sex" when their work "requires equal skill, effort, and responsibility, and which [is] performed under similar working conditions ...." 29 U.S.C. § 206(d)(1). To sufficiently plead a prima facie case of wage discrimination under the EPA, a plaintiff must allege: (1) that the employer paid different wages to employees of the opposite sex; (2) that the employees' jobs require equal skill, effort, and responsibility; and (3) that the jobs are performed under similar working environments. Brinkley v. Harbour Recreation Club, 180 F.3d 598, 613 (4th Cir.1999), overruled on other grounds by Desert Palace, Inc. v. Costa, 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003). Plaintiff makes no allegations that coworkers of the opposite sex were awarded higher wages than him. Thus, he fails to state a claim under the EPA and this cause of action should be dismissed.

### E. Individual Liability Under Title VII and the ADA

Based upon the discussion above, it is recommended that dismissal is appropriate to all of Plaintiff's claims except his Title VII and ADA claims. However, neither Title VII nor the ADA provide for liability against individual Defendants. See Lissau v. Southern Food Service, Inc., 159 F.3d 177, 178–181 (4th Cir.1988); Baird v. Rose, 192 F.3d 462, 472 (4th Cir.1999). Thus, dismissal of the Title VII and ADA claims is appropriate as to Defendants Wells, Severin, Sholly, and Greulich.

## V. CONCLUSION

For the reasons discussed above, it is recommended that Defendants' Motion to Dismiss (Document # 29) be granted in part and denied in part. Specifically, it is recommended that the Motion to Dismiss be granted as to Plaintiff's ADEA, GINA, and EPA claims and as to all claims

against Defendants Wells, Severin, Sholly and Greulich, and that the Motion to Dismiss be denied as to Plaintiff's ADA claim against Defendant Professional Transportation.[4]

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

April 24, 2013  
Florence, South Carolina

**The parties are directed to the important notice on the following page.**

---

[4] As stated above, Defendant Professional Transportation has not moved to dismiss Plaintiff's Title VII claim. Thus, if this recommendation is accepted by the district judge, Plaintiff's Title VII and ADA claims against Defendant Professional Transportation will remain pending.