IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Randy Williams, | ) | Civil Action No.: 4:12-cv-02434-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Bryant Wells, Andy Severin, Bob Sholly, | ) | |
| Steven Greulich, and Professional | ) | |
| Transportation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This action arises out of Plaintiff's employment with Defendant Professional Transportation. Plaintiff,[1] asserts claims of race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), disability discrimination in violation of the Americans with Disabilities Act ("ADA"), as well as violations of the Equal Pay Act of 1963 ("EPA") and the Genetic Information Nondiscrimination Act ("GINA").

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers.[2] [R&R, Doc. # 45.] In the R&R, the magistrate recommends that the Court grant in part and deny in part Defendants' Motion to Dismiss. [Doc. # 29.] Plaintiff filed objections to the R&R on May 9, 2013. [ Obj., Docs. # 47, 49.] Defendants filed no objections.

---

[1] Plaintiff initially proceeded *pro se*, but hired an attorney on July 22, 2103.

[2] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C. , this matter was referred to United States Magistrate Judge Rogers for pretrial handling.

**Standard of Review**

The magistrate judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the magistrate judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("*[D]e novo* review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins*. Co., 416 F.3d 310 (4th Cir. 2005). Furthermore, in the absence of specific objections to the R&R, this Court is not required to give any explanation for adopting the recommendation. *See Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

**Discussion**

The Court reiterates that it may only consider objections to the R&R that direct this Court to a specific error. The Court has reviewed the submission that Plaintiff styles as his "objections," and they are without merit. Plaintiff merely discusses his difficulties in procuring an attorney and

2

discusses how "the defendant" is taking unfair advantage of a person with a disability. [Obj., Docs. # 47, 49.] Accordingly, none of the supposed objections offered by Plaintiff meet the applicable standard set above as they contain no basis for the objections and contain no additional argument beyond what is found in Petitioner's pleadings. *See Monahan v. Burtt*, No. CIVA 205-2201-RBH, 2006 WL 2796390, at *9 (D.S.C. Sept. 27, 2006) ("[A] district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate's report." (quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). To the extent Plaintiff's arguments constitute specific objections the Court has reviewed the R&R *de novo* and agrees with the magistrate's findings. The issues in this case were correctly addressed by the magistrate and this Court will not address the issues a second time.

The Court also notes that to the extent Plaintiff discusses disability and race discrimination, his ADA and Title VII claims remain. Further, regarding the need for counsel, several weeks ago, on July 22, 2013, Plaintiff procured an attorney who filed a stipulation of dismissal with prejudice as to all claims against Defendants Wells, Andy Severin, Bob Sholly and Steven Greulich in this action.

### Conclusion

The Court has thoroughly analyzed the entire record, including the R&R, objections to the R&R, and the applicable law. The Court has further conducted the required review of all of Plaintiff's objections and finds them without merit. For the reasons stated above and by the magistrate, the Court hereby overrules all of Petitioner's objections and adopts the magistrate's R&R.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss [Doc # 29] is

**GRANTED** in part and **DENIED** in part. Specifically, Defendants Wells, Severin, Sholly and Greulich are **DISMISSED** from this action, and Plaintiff's ADEA, GINA, and EPA claims are **DISMISSED** as to remaining Defendant Professional Transportation.

  **IT IS SO ORDERED**.

                s/ R. Bryan Harwell
                R. Bryan Harwell
                United States District Judge

Florence, South Carolina
August 8, 2013